Dear Judith S. Bresler, Esquire
On behalf of your client, the Board of Education of Montgomery County (the "Board"), you have asked for our opinion whether real property owned by the Board and located within the boundaries of the City of Rockville is subject to the planning, zoning, and historic preservation authority of the City.
In our opinion, the Board is properly characterized as a State agency in connection with the ownership and use of its real property for school purposes. Accordingly, Board property is generally not subject to Rockville's zoning, subdivision, and historic preservation ordinances. However, the City has some planning jurisdiction over all land within its boundaries, and in particular, has authority to review many public projects constructed within the City, including school projects of the Board. In addition, State law restricts the Board's use, development, and disposition of school property.
 I Background
The property giving rise to your request is the headquarters for the Montgomery County Public Schools, a 50-acre tract bordering on Maryland Route 355 (Rockville Pike) and Manakee Street in Rockville. The property currently contains the school system's central office building, known as the Carver Educational Service Center ("CESC"). In the days before the integration of County schools, the site was the location of a high school for African American students, which was later dedicated to George Washington Carver. The original high school structure, built in 1949, underwent numerous renovations over the years to become what is now the CESC Building.
You advise that the Board has concluded that the CESC Building is inadequate to serve its long — term needs and therefore wishes to redevelop the property. You also report that the City of Rockville has attempted to restrict use and development of the Board's property and is seeking to designate the property as an historic site, in an effort to preserve the CESC Building.
 II Status of the Board as a State Agency
County boards of education are established by State law. Annotated Code of Maryland, Education Article ("ED"), § 3-103. They operate under the general supervision of the State Board of Education and the State Superintendent of Schools, and are governed in major respects by State law. E.D. §§ 2-205, 2-303, 4-108. Thus, the Court of Appeals has stated that a county board of education is a State agency. Chesapeake Charter, Inc. v. Anne Arundel County Board of Education, 358 Md. 129,136-37, 747 A.2d 625 (2000). See also Board of Education of Prince George's County v. Prince George's County Educators' Association, Inc.,309 Md. 85, 96 n. 3, 522 A.2d 931 (1987) (characterizing local boards as "state agencies and not agencies of the county government" for purposes of collective bargaining); Montgomery County Education Association, Inc. v. Board of Education of Montgomery County, 311 Md. 303, 317, 534 A.2d 980
(1987) (same); McCarthy v. Board of Education of Anne Arundel County,280 Md. 634, 649-51, 374 A.2d 1135 (1977) (county council precluded from assigning additional duties to local board, a State agency); cf. Barnes v. Anne Arundel County Board of Education, 2001 WL 121962 (D.Md. 2001) (county board of education is an agent of the State entitled to Eleventh Amendment immunity); Jones v. Frederick County Board of Education,689 F. Supp. 535, 537-38 (D.Md. 1988) (same).
On the other hand, county boards of education are locally oriented and, to some extent, locally funded. For some purposes, county boards of education are treated like local agencies. See e.g., Chesapeake Charter, supra (county board not subject to State procurement law); Bernstein v.
Board of Education of Prince George's County, 245 Md. 464, 471,226 A.2d 243 (1967) (local board is not a State agency subject to the State Administrative Procedure Act); 65 Opinions of the Attorney General 385, 390 (1980) (concluding that members of local board are "local officers" not eligible for State indemnification of judgments, attorney's fees, and costs).
The Court of Appeals recently summarized the status of a local school board:
 County school boards are considered generally to be State agencies because (1) the public school system in Maryland is a comprehensive State-wide system, created by the General Assembly in conformance with the mandate in Article VIII, § [1] of the Maryland Constitution to establish throughout the State a thorough and efficient system of free public schools, (2) the county boards were created by the General Assembly as an integral part of that State system, (3) their mission is therefore to carry out a State, not a county, function, and (4) they are subject to extensive supervision by the State Board of Education in virtually every aspect of their operations that affects educational policy or the administration of the public schools in the county. Although legally State agencies for those reasons, they are not normally regarded, for structural or budgetary purposes, as units within the Executive Branch of the State government.
Chesapeake Charter, 358 Md. at 136-37.
Given the nature of county school boards, Attorney General Sachs concluded that whether a local board of education is properly treated a State or local agency "depends on the context of the board authority or function in question." 65 Opinions of the Attorney General 356, 358-59, 363 n. 3 (1980). See also 87 Opinions of the Attorney General ___ (2002) [Opinion No. 02-002 (February 27, 2002)] (characterization of community college as State or local entity depends on context).
The context within which your question arises is the Board's ownership and proposed use of its real property. State law comprehensively governs the acquisition, improvement, and disposition of the real property of a school system. For example, State law provides that the property of a local board of education is held in trust for the benefit of the school system. E.D. § 4-114(a). Approval of the State Superintendent is a prerequisite to a local board's acquisition or disposition of land, school sites, or buildings. E.D. § 4-115(b)(1), (c). In addition, a local board may repair, improve, or build school buildings only with the approval of the State Superintendent and in accordance with bylaws, rules, and regulations of the State Board of Education. E.D. § 4-115(b)(2). See also E.D. § 5-301(h)(1) (authority of Board of Public Works with respect to school construction and improvements). In our view, these provisions leave little doubt that the Board is a State agency for purposes of the use of Board real property and the application of local land use restrictions.
 III Analysis
A. Application of Local Land Use Regulations
1. General Principles
It is well established that the State and its agencies are not ordinarily subject to local zoning, subdivision, and other land use regulations. Pan American Health Organization v. Montgomery County, 338 Md. 214, 226, 657 A.2d 1163 (1995); Board of Child Care v. Harker, 316 Md. 683, 693, 561 A.2d 219 (1989); City of Baltimore v. State, 281 Md. 217, 223-24, 378 A.2d 1326 (1977); City of Baltimore v. State Department of Health Mental Hygiene,38 Md. App. 570, 574, 381 A.2d 1188 (1978). See also 85 Opinions of the Attorney General ___ (2002) [Opinion No. 00-010 (April 23, 2000)], slip op. at pp. 3-4. Similarly, although local historic preservation regulations may apply to certain local government land uses, City of Annapolis v. Anne Arundel County, 271 Md. 265, 316 A.2d 807 (1974), they have never been held binding on the State and its agencies. See 87 Opinions of the Attorney General ___ [Opinion No. 02-002 (February 27, 2002)], slip op. at p. 5.
The State is bound by local land use provisions only to the extent that it has expressly or by clear implication agreed to be bound. E.g., City of Baltimore v. State, supra,281 Md. at 223-24. In this regard, the General Assembly has acknowledged the value of local comprehensive planning and has sometimes directed that State agencies respect, insofar as possible, local plans. See, e.g., E.D. § 4-116 (school sites to conform "as far as practicable" with local land use plans).
2. Mandatory Referral to Local Planning Agency
The State's enabling laws for local land use regulation provide for the mandatory referral to local planning officials of public development projects that might otherwise be exempt from local control.
Annotated Code of Maryland, Article 66B, § 3.08; see also Annotated Code of Maryland, Article 28, § 7-112 (mandatory referral provision applicable within Maryland-Washington Regional District); 84 Opinions of the Attorney General ___ (1999) [Opinion No. 99-017 (October 27, 1999)].
The enabling statute applicable to municipal corporations, such as Rockville, provides that "if a local legislative body has adopted a whole plan or a plan for one or more geographic sections . . . of the local jurisdiction, a . . .street, square, park, or other public way, ground, or open space, or public building or structure . . . may not be constructed or authorized . . . until the location, character, and extent of the development has been submitted to and approved by the planning commission as consistent with the plan." Article 66B, § 3.08(a). The local planning commission is to "communicate its decision and the reasons for its decision to . . . the body that has jurisdiction over the financing of the . . . building." Article 66B, § 3.08(b)(1). However, the "body having jurisdiction" may overrule the planning commission's decision by a recorded vote of at least two-thirds of its members. Article 66B, § 3.08(b)(2).
3. Summary
Your inquiry involves the proposed development of real property that is located within the corporate limits of the City of Rockville, is owned by the Board, and is currently used for public school purposes. Rockville is a municipal corporation that is not included within the planning, zoning, and subdivision powers exercised by the Montgomery County District Council in the Maryland-Washington Regional District, Article 28, § 7-105; rather, the City exercises land use powers under Article 66B.
Because the land in question is owned by a State agency and used for public purposes,1 it is exempt from municipal land use regulations. However, under Article 66B, § 3.08, Board plans to construct any "public building or structure" — or to lay out any street, square, park, ground, or open space — must be submitted to the Rockville Planning Commission for its approval as consistent with the City plan. If the Board, as the body having jurisdiction over the financing of the project, does not agree with any decision of the Rockville Planning Commission, the Board may overrule that decision by a recorded vote of at least two-thirds of its membership.
B. Other State Law Restrictions on Development of Board Property
In addition to the mandatory referral requirements discussed above, State law places other restrictions on the use, development, or disposition of Board real property. As noted above, E.D. § 4-114(a)(1) provides that school property is held in trust by the Board for the benefit of the school system.
Thus, the Board has fiduciary obligations that restrict the use of the property. And under E.D. § 4-115(b), the Board may improve or build school buildings, but only "[w]ith the approval of the State Superintendent" and only "if the plans conform to the bylaws, rules, and regulations of the State Board." ED § 4-115(c) would govern the disposition of any portion of the site deemed, with the approval of the State Superintendent, to be surplus to school needs. That land would have to be transferred to the Montgomery County Council, to be used, sold, leased, or otherwise disposed of, except by gift, by the County Council. If State funding was used in the past for development of the property, any disposition might be subject to further restrictions fashioned by the Interagency Committee on School Construction or the Board of Public Works. See E.D. § 5-301; 64 Opinions of the Attorney General 118 (1979).
Finally, should the property be listed in or eligible for the Maryland Register of Historic Properties, any capital project potentially affecting the property may be subject to the review and consultative process set out in Annotated Code of Maryland, Article 83B, § 5-617. Under that law, the State unit responsible for the project would consult with the Maryland Historical Trust to determine whether the project would adversely affect the historic property and, if so, the State unit would be required to negotiate with the Trust on a plan to avoid, mitigate, or satisfactorily reduce the adverse effect.[2]
 IV Conclusion
In our opinion, if the Board develops the CESC site in Rockville for a public purpose, that development will not be subject to Rockville's zoning, subdivision, and historic preservation ordinances.
However, the Board's plans will be subject to the mandatory referral process set out in Article 66B, § 3.08.
Moreover, the Board's development of the property will be subject to numerous State law controls.
J. Joseph Curran, Jr.
Attorney General
Judith A. Armold Assistant Attorney General
Robert N. McDonald Chief Counsel Opinions Advice
[1] If the land were leased to a private entity, the exemption from local land use regulation would apply only to the extent that it was used for a "public purpose." See City of Baltimore v. State Department of Health Mental Hygiene, supra; Youngstown Cartage Co. v. North Point Peninsula Community Coordinating Council, 24 Md. App. 624, 630, 332 A.2d 718 (1975); 85 Opinions of the Attorney General ___ (2000) [Opinion No. 00-010 (April 23, 2000)]; 74 Opinions of the Attorney General 221, 228-29 (1989).
[2] The Board has apparently acknowledged that it may be subject to the Maryland Historical Trust consultative process.
 *Page 126